### ISAAC H. GILBERT v. BOARD OF EDUCATION ET AL.

CONSTRUCTION OF SUBDIVISIONS 6 AND 7, SEC. 3988, REV. STAT.

Subdivision 7 of Sec. 3988, Rev. Stat., relating to school-houses, providing that "any part of a bid which is lower than the same part of any other bid shall be accepted, whether the residue of the bid is higher or not; and if it is higher, such residue shall be rejected," is apparently in conflict with subdivision 6 of said section, which provides that "none but the lowest responsible bid shall be accepted; but the board may, in its discretion, reject all the bids, or accept any bid for both labor and material, which is the lowest in the aggregate for such improvement or repairs," but if possible said subdivisions should be reconciled. Therefore, where the discretion vested in the board by subdivision 6 is not exercised, then in the consideration of bids containing two separate items or more, any part of a bid which is lower than the same part of any other bid should be accepted.

Gilbert v. Board of Education.

INJUNCTION.

*Chas. L. Hopping* and *W. A. Hicks*, for plaintiff.

GIFFEN, J.

The letting of this contract, which is for the erection of a school house, is governed by Sec. 3988, Rev. Stat., except as the provisions of Sec. 794, not inconsistent therewith may apply. Subdivision 6 of Sec. 3988 is as follows:

"None but the lowest responsible bid shall be accepted; but the board may, in its discretion, reject all the bids, or accept any bid for both labor and material, which is the lowest in the aggregate for such improvement or repairs."

Under this provision, although some items in a bid for the entire improvement may be higher than the same items in another bid, still if the bid is the lowest in the aggregate the board may, in its discretion, accept it.

Subdivision 7 of Sec. 3988 is as follows:

"Any part of a bid which is lower than the same part of any other bid shall be accepted, whether the residue of the bid is higher or not; and if it is higher, such residue shall be rejected."

This provision is apparently in conflict with that of subdivision 6; but if possible they should be so construed as to reconcile this apparent inconsistency; and we think the only reasonable construction is that in the event the discretion vested in the board by subdivision 6 is not exercised, then in the consideration of bids containing two separate items or more, any part of a bid which is lower than the same part of any other bid shall be accepted.

If the construction contended for by counsel for plaintiff were correct, then the provision of subdivision 6 would be meaningless, because if every part of a bid which is the lowest must be accepted, the aggregate will necessarily be the lowest, and the board could exercise no discretion.

Injunction denied.